IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA PEACOCK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-377-BH-C |
| | ) | |
| BURNEY H. MERRILL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Defendants' Motion (Doc. 8) to Dismiss Plaintiff's Complaint for Lack of *In Personam* Jurisdiction and Improper Venue or, in the alternative, for Transfer of Venue. Plaintiff has filed a Response (Doc. 14) to Defendants' Motion and Defendants, in turn, filed a Reply (Doc. 18). The Court has reviewed the parties' pleadings and all evidence submitted therewith. The Court finds that Defendants' Motion to Dismiss is **due to be DENIED IN PART and GRANTED IN PART** and the Motion to Transfer Venue is **due to be DENIED**.

**RELEVANT FACTS**

On June 24, 2005 Plaintiff Peacock commenced this action by filing her Complaint against Defendants Burney H. Merrill, J. Collier Merrill, Willis C. Merrill (hereinafter, "Merrills"), Lawrence Schill, and Lawrence Schill, P.A. (Compl., Doc. 1). Plaintiff has alleged claims of Conversion, Interference with Business Relationships, Breach of Fiduciary Duties, Conspiracy and seeks Declaratory Judgment as the ownership of a fifteen percent (15%) interest in the Floragon Companies.[1]  *Id*.

---

[1] To the best determination of the Court at this juncture of the case and upon the representations made by Plaintiff, the Floragon Companies are a conglomeration of about six (6)

Plaintiff alleges that on March 20, 2002 she entered into an agreement with her ex-husband, Marion Uter, whereby Uter agreed to sell and convey to her a 15% interest in the Floragon Companies in consideration for $100,000. *Id*. at ¶38. Though Peacock paid the requisite amount for the bargained for interest, Uter allegedly breached the contract by, among other actions, failing to cause the Floragon Companies to issue Peacock the certificates representing her purchased interest.[2]  *Id*. at ¶39-40.

Plaintiff's allegations against Defendants in this action, however, stem from Uter's subsequent sale of that same 15% to the Merrills in May, 2003. *Id*. at 44. Peacock asserts that Defendant Burney Merrill, acting individually and as the agent and representative of Willis Merrill and J. Collier Merrill, and Schill, acting as the agent, representative, and attorney for the Merrills, went to Peacock's home in Baldwin County, Alabama for the purpose of purchasing Peacock's interests in the Floragon Companies. *Id*. at ¶ 13. While there, Defendants supposedly sought Peacock to execute a document providing for Peacock's conveyance, transfer and assignment of her interest in the Floragon Companies to the Merrills. *Id*. at ¶14. Peacock refused to sign the document. *Id*.

Subsequently, it is alleged, Uter, the Merrills and Schill conspired to dispossess Peacock of her interest in the Floragon Companies despite her refusal. *Id*. at ¶49. Plaintiff submits that Defendants' visit to her home in May 2003 demonstrates their knowledge of her ownership of the interests and that they nevertheless entered into a transaction to purchase the same stock from Uter without her consent. (Pl.'s Br. Opp. Mot. Dismiss, Doc. 14, p. 20). In addition to the claim of Conspiracy, Peacock seeks

---

corporations formed either in Florida or Oregon. These corporations are seemingly being held and governed as a group by several shareholders and members including the Merrills.

[2] The dispute regarding this transaction and Uter's actions surrounding it are at issue in another case before this Court, now styled *Peacock v. Uter, et al.* 04-cv-279-BH-C.

declaratory judgment as to her proper ownership of the 15% interest conveyed to her by Uter and contends that Defendants are liable for Conversion of said interests, Interference with her Business Relationships with the Floragon Companies and Breach of Fiduciary Duties by the Merrills as Directors, Officers and/or Managers of the Floragon Companies. (Compl.).

Defendants, however, contend that this matter is due to be dismissed as this Court lacks personal jurisdiction over them and because venue in this forum is improper. In the alternative, they argue, this matter should be transferred to the Northern District of Florida. (Defs. Br. Supp. Mot. Dismiss, Doc. 9, p. 1).

**LEGAL ANALYSIS**

**I.**     *Personal Jurisdiction*

   **A.**     **Procedure**

In the instant case, the parties have not requested an evidentiary hearing.[3] Therefore, the plaintiff must only demonstrate a *prima facie* case of personal jurisdiction. *Abramson v. Walt Disney Co.*, 132 Fed.Appx. 273, 275 (11th Cir. 2005)(citing *Madera v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). Such a burden is satisfied "if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Meier ex rel. Meier v. Sun Int'l. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)(citing *Madera*, 946 F.2d at 1514). In examining whether this burden has been satisfied, the Court must accept all uncontroverted allegations by the plaintiff as true. *Abramson*, 132 Fed.Appx. at 275. Further, if any assertions are challenged, the Court must construe all reasonable inferences in favor of the plaintiff. *Id*.

---

[3] An evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary but not mandatory. *Coastal Builders, Inc. v. Ficon Fabricators, Inc.*, 2005 WL 1005135 (S.D. Ala.)(citing *Madera v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

Analysis of whether the Court has personal jurisdiction over the non-resident defendants turns on a two-prong test. *Abramson*, 132 Fed.Appx. at 275. Only if both prongs are satisfied, may the Court assert jurisdiction. *Id*.

### 1. Alabama's Long-Arm Statute

First, the Court looks to whether the forum state's long-arm statute provides a basis for jurisdiction. *Id*. Alabama's long-arm statute provides the state courts with authority to assert jurisdiction to the extent that due process under the state and federal constitutions allow. *Ex parte Fidelity Bank*, 893 So.2d 1116, 1121 (Ala. 2004); *accord* Ala.R.Civ.P. 4.2(a)(2)(I); *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56. The Alabama Constitution's due process guarantee is coextensive with that of the United States Constitution. *Ex parte Georgia Farm Bureau Mut. Auto. Ins. Co.*, 889 So.2d 545, 550 (Ala. 2004). Therefore, the Court turns to the second prong of whether the requirements for personal jurisdiction under the Due Process Clause of the Fourteenth Amendment have been satisfied. *See, e.g., Morris v. SSE, Inc.*, 843 F.2d 489, 492 n.3 (11th Cir. 1988).

### 2. Due Process Under the Fourteenth Amendment

It is well established that in order for a court to have personal jurisdiction over a nonresident defendant, that defendant must have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)(citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A two-part analysis is again utilized in determining whether personal jurisdiction comports with due process. *Lawson Cattle Equip., Inc. v. Pasture*, 2005 WL 1189631 (11th Cir. 2005). Initially, it is the plaintiff's burden to establish such minimum contacts, however, once established, the burden then shifts to defendant to

demonstrate that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *Ruiz de Molina*, 207 F.3d at 1358.

### a. *Minimum Contacts*

Though Plaintiff must show Defendants had the requisite minimum contacts with the forum, the "nature and quality of these contacts ... vary depending upon whether the type of personal jurisdiction being asserted is specific or general." *Consolidated Dev. Corp. v. Sherrit, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

### (1) General Jurisdiction

Though Plaintiff submits that Defendants are also subject to specific personal jurisdiction by this Court, we first address their assertion of general jurisdiction. General jurisdiction arises from defendants' contacts in a forum that are unrelated to the cause of action being litigated. *Consolidated Dev. Corp.*, 216 F.3d at 1292. As the Eleventh Circuit has noted, the requirements for satisfying general jurisdiction are more stringent than those of specific jurisdiction as continuous and systematic contacts with the forum state must be shown. *Id*. However, in the instant case, the Court believes that a finding of general personal jurisdiction over defendants is apt.

Defendants claim that their activities are simply not significant or "systematic and continuous" enough to warrant personal jurisdiction over them in this forum. (Defs. Mem. Supp. Mot. Dismiss, Doc. 9-1, p.13). They also assert that the "fiduciary shield doctrine" further precludes personal jurisdiction. (Defs. Reply, Doc. 18, p. 16). The Court disagrees. First, Defendants misapply the fiduciary shield doctrine. "The 'fiduciary shield' doctrine provides that personal jurisdiction over a corporate agent or employee cannot be based on the jurisdiction over the corporation for which the fiduciary acts when the

fiduciary's activities in the forum state were conducted solely as an agent or employee of the corporation." Sonja Larson, J.D., Annotation, *Validity, Construction, Application of "Fiduciary Shield" Doctrine - Modern Cases*, 79 A.L.R.5th 587 §2(a) (2005). In the instant case, the basis for asserting general personal jurisdiction over the Merrills does not stem from their actions as fiduciaries of their Alabama corporations. Rather, the Court finds jurisdiction is proper over the Merrills because their actions as individuals within the state demonstrates a purposeful availment to the policies and procedures of this forum.

As Peacock has demonstrated, without refute from Defendants, the Merrills have established at least six (6) different limited liability corporations within Alabama since 2002.[4] The Merrills set up each of these corporations as individuals, rather than through one of their corporations, and serve as their sole members. Each of these corporations has their principal place of business in Gulf Shores, Alabama and each is registered with the Alabama Secretary of State. The Court finds that the Merrills' actions of establishing these Alabama corporations over the past 3 years to do business in the state of Alabama is sufficient to demonstrate systematic and continuous contacts within the forum to support personal jurisdiction over them.

The Court further finds that it has personal jurisdiction over the defendant corporation Lawrence Schill, P.A., as well. Lawrence Schill, P.A. undisputedly maintains an office in Gulf Shores, Alabama and conducts business, at least in the way of establishing the Merrills' aforementioned corporations and serving

---

[4] The Court relies on Plaintiff's Exhibits (Doc. 12) evidencing the corporate details of Crystal Shores, LLC (Doc. 12-2, p. 29-30); Crystal Shores Owner's Association, LLC (Doc. 12-3, p. 85); Crystal Shores West, LLC (Doc. 12-4 at 87); Crystal Tower, LLC (Doc. 12-4 at 88); Fort Morgan I, LLC (Doc. 12-7 at 285); and West Beach Properties, LLC (Doc. 12-7 at 286).

as their registered agent, within the forum.[5]  Such contact with the forum is sufficient to assert personal jurisdiction.

The Court, however, declines to assert general personal jurisdiction over Lawrence Schill as an individual.  Schill's only contacts with Alabama are as an agent of his law practice, Lawrence Schill, P.A.  Under Alabama law, "[a] corporation is a legal entity that exists separate from its shareholders, and its actions and obligations are to be considered separately from those of its shareholders."  *Shelton v. Clements*, 834 So.2d 775, 781 (Ala.Civ.App. 2002).  The purpose of the corporate structure is to protect corporate officers and shareholder's from liability arising from operation of the corporation.  *Id*.  "Piercing the corporate veil" to hold a individual corporate shareholder liable is a power that should be not be exercised lightly by the courts.  *Id*.  Though Schill is the sole shareholder and president of Lawrence Schill P.A., this alone does not automatically destroy the corporate entity.  *Id*.  Rather, in order to hold Schill, as an individual, liable, Plaintiff must show,

> where a corporation is set up as a subterfuge, where shareholders do not observe the corporate form, where the legal requirements of corporate law are not complied with, where the corporation maintains no corporate records, where the corporation maintains no corporate bank account, where the corporation has no employees, where corporate and personal funds are intermingled and corporate funds are used for personal purposes, or where an individual drains funds from the corporation.

*Econ Marketing, Inc. v. Leisure American Resorts, Inc.*, 664 So.2d 869, 870 (Ala. 1994).

In the instant case, Plaintiff has not submitted any grounds beyond Schill's position of president and sole shareholder to support a piercing of the corporate veil.  Therefore, the Court declines to do so.

---

[5] Plaintiff's exhibits from the Alabama Secretary of State indicate that the corporations in question list Lawrence Schill, rather than Lawrence Schill, P.A., as the registered agent.  However, Schill seems to be serving as the registered agent for these corporations in his capacity as an agent/representative of Lawrence Schill, P.A., not in an individual capacity.

### (2) Specific Jurisdiction

Peacock also asserts that Defendants are subject to specific personal jurisdiction within this forum. "Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consolidated Dev. Corp.*, 216 F.3d at 1291. It must be shown that Defendants purposefully availed themselves "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. The "purposeful availment" standard prevents personal jurisdiction based on "random" or "fortuitous" contacts. *Burger King*, 471 U.S. at 475. Rather, defendants must have "deliberately ... engaged in significant activities within a State." *Id*. at 475-76. Defendants' presence in this forum certainly was not random or fortuitous. Defendants purposefully and uninvited met with Peacock in May 2003 at her Alabama home to obtain a transfer of her interests in the Floragon Companies. However, Defendants' attempt at obtaining the interests from Peacock was rebuffed. It is alleged that the meeting with Peacock serves both as an acknowledgment of her ownership of the interest as well as the impetus for Defendants seeking to obtain the interests from Marion Uter. The Court finds that Defendants' actions within this forum are significant and so integrally intertwined with Peacock's cause of action that Defendants can reasonably anticipate being hailed into court here.

Again, as stated in our examination of general personal jurisdiction, Lawrence Schill, as an individual, is not subject to specific personal jurisdiction. Though he came to Alabama with the Merrills to meet with Peacock, he did so in his role as an attorney for Lawrence Schill, P.A. Because he is not subject to jurisdiction based on his actions on behalf of his corporation, the Court finds that it does not have either general or specific personal jurisdiction over Lawrence Schill, as an individual. Therefore Defendants' Motion to Dismiss for Lack of Personal Jurisdiction as it applies to Plaintiff's claims against Lawrence Schill, an individual, is **due to be GRANTED**.

### b. *Notions of Fair Play and Substantial Justice*

Since the Court has found that Plaintiff has demonstrated continuous and systematic contacts to support personal jurisdiction, the burden shifts to Defendants to demonstrate a "*compelling case*" that such jurisdiction offends traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 476-77 (1985); *Ruiz de Molina*, 207 F.3d at 1358. The Eleventh Circuit has held that courts are to look at the following factors in making this determination:

> (a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies.

*McGow*, 412 F.3d at 1216 (citing *Meier*, 288 F.3d at 1276).

Upon examining these factors, Defendants have not shown, in a compelling manner, that this Court's personal jurisdiction over them offends traditional notions of fair play and substantial justice. The Court does not find that jurisdiction by this Court places a great burden on Defendants. All of the Defendants regularly conduct business within this district. Though litigating outside of one's home state may be inconvenient, "modern methods of transportation and communication have lessened the burden of defending a suit in a foreign jurisdiction." *Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1320 (11th Cir. 2004); *See also McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957). Furthermore, as the Court will later address, Plaintiff is an Alabama resident and this forum best provides her with convenient and effective relief. Finally, though, the Court finds that the interstate judicial system has an interest in this matter being adjudicated before this court. As we have already mentioned, Plaintiff is involved in another case before the Court regarding her ex-husband, Marion Uter. Included as claims in her case against Uter are Peacock's allegations of wrongdoing stemming from the sale of the Floragon interests at issue in this matter. In addition, in the instant case, Peacock asserts that Uter and Defendants

conspired in dispossessing her the interests.  In promotion of judicial economy and consistency, the Court finds that the interstate judicial system has a genuine interest in seeing that both cases are adjudicated before this court.

The Court finds, therefore, that Plaintiff has met her burden of demonstrating that Defendants Lawrence Schill, P.A. and the Merrills have constitutionally sufficient minimum contacts with Alabama. These Defendants, on the other hand, have not satisfied their burden of presenting a compelling case that this court's exercise of personal jurisdiction over them would offend traditional notions of substantial justice and fair play.  The Court also finds that it has not been established that Lawrence Schill, an individual, has such sufficient contacts so that this Court may assert personal jurisdiction over him.  Defendants' Motion (Doc. 8) for Lack of *In Personam* Jurisdiction is **due to be DENIED IN PART and GRANTED IN PART.**

**II.**     *Venue*

    **A.**     **Dismiss**

Since the Merrills and Lawrence Schill, P.A. are subject to personal jurisdiction, the Court examines their alternative argument that this matter should be dismissed for improper venue.  Pursuant to federal statute, venue is proper,

> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is not a district in which the action may otherwise be brought.

28 U.S.C. §1391(a).

In the instant case, Plaintiff contends that venue is proper in this court because a substantial part of the events giving rise to the claim occurred within this federal district.  In examining this particular clause

of the venue statute, the Eleventh Circuit has held, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a "substantial part" of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). Furthermore, "the statute protects defendants, and Congress therefore meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Id*. at 1371-72 (citing *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995))(internal quotations omitted).

It is still unclear as to where the allegedly tortious act of the transfer of the stock actually occurred. However, this Court gives great weight to Defendants' "visit" with Plaintiff in Alabama as a substantial part of the events giving rise to her claims. Defendants claim that traveling to Alabama in May 2003 to discuss Peacock transferring her shares of Floragon to them was not tortious, therefore could not be considered a substantial part of her claims. The Eleventh Circuit's standard, however, is not the wrongfulness of the act, rather, whether "those acts and omissions ... have a close nexus to the wrong ... ." *Bremer*, 321 F.3d at 1372.

In *Bremer* the Circuit Court analyzed the Eighth Circuit's holding in *Woodke* and agreed that the defendant's manufacturing of trailers did not give rise to the claim because the act of manufacturing itself was not wrongful. 321 F.3d at 1372 (citing *Woodke*, 70 F.3d at 986). This, however, does not unequivocally indicate that simply because an act is not in and of itself tortious, the act cannot be considered a substantial part of the plaintiff's claims. This Court, rather, looks to whether or not the acts, wrongful or not, *had a close nexus* to the asserted torts. *Bremer*, 321 F.3d at 1372. In *Woodke*, the Eighth Circuit found that the manufacturing of trailers was not significantly related to plaintiff's claims of trademark infringement because it was only necessary to the alleged wrong in a causal sense. 70 F.3d at 986. In the instant case, this Court finds that Defendants' foray into Alabama has a much closer nexus to the alleged

wrong than was evident in *Woodke*.  It is undisputed that Defendants attempted to procure Peacock's endorsement for a transfer of her Floragon stock interests to them.  Though this action is not unlawful, it does establish that Defendants were aware of her possession of the stock.  This knowledge is closely tied to Peacock's claims that Defendants later intentionally and knowingly dispossessed her of those interests.  Furthermore, Peacock also asserts that her refusal to permit such transfer to Defendants at that time was the impetus for their subsequent tortious conduct.  The Court finds that Peacock has alleged a sufficiently close nexus between Defendants' venture into Alabama in May 2003 and the claims asserted in her complaint.  Therefore, under 28 U.S.C. §1391(a)(2), a substantial part of the events giving rise to Plaintiff's claims occurred in this federal district.  Defendants Motion to Dismiss for improper venue is **due to be DENIED**.

        B.      Transfer

Defendants also seek the Court to transfer this matter to the Northern District of Florida pursuant to 28 U.S.C. §1404.  The statute permits transfer of a case to any district where it may have been brought, for the convenience of parties and witnesses or in the interest of justice.  Traditionally, federal courts have given great deference to a plaintiff's choice of forum, particularly if it is the forum in which the plaintiff resides.  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).  Therefore, the burden is on defendants to demonstrate that their suggested alternative forum is more convenient.  *Ricoh*, 870 F.2d at 573.  However, "[d]istrict courts have broad discretion in deciding whether to transfer an action to a more convenient forum."  *Folks v. Haley*, 64 F.Supp.2d 1152, 1154 (M.D.Ala. 1999); *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D.Ala. 1994).

Defendants contest that Alabama is not Peacock's true place of residence.[6] They cite that she is considered by this Court as a resident of Arizona in her case against Marion Uter. However, citizenship for diversity purposes is determined at the time the suit is filed. *MacGinnitie v. Hobbs Group, LLC*, 2005 WL 1922572, *2 (11th Cir. 2005)(citing *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000)). In her action against her ex-husband, an Alabama citizen, Peacock asserted that she was a resident of Arizona and the case was properly removed to this Court. However, the instant case was filed in this court more than a year after Marion Uter filed his action against her.[7] Though the Court determined in that case her domicile at that time was Arizona, domicile is certainly not permanent. Once one's domicile is established, it can be changed upon a concurrent showing of both (1) physical presence at a new location, and (2) intent to remain there indefinitely. *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002). The intent element "does not require that the persons have an affirmative intent to remain permanently in the state, but merely that [they have] no present intent to move to another state." *Hicks v. Brophy*, 839 F. Supp. 948, 950 (D. Conn. 1993).

Since Peacock's previous assertions in her lawsuit with Uter, she has demonstrated both a physical presence in Alabama as well as a intent to remain indefinitely. Peacock has sold her home in Arizona and purchased two others in Alabama. At the time of filing her complaint, Peacock was solely a resident of

---

[6] Defendants seemingly do this in the hopes that they can demonstrate that neither the parties nor the subject matter of the lawsuit have a connection to the present venue. Such a showing would make it easier for them to "tip the balance of convenience strongly in [their] favor." *Owens v. Blue Tree Corp.*, 177 F.R.D. 673, 679 (M.D.Ala. 1998). However, as the Court has already discussed, we find that a substantial part of the events relating to the subject matter in this case have taken place in this forum. *See supra* Part II.A.

[7] Peacock's last declaration as part of her suit with Uter regarding her intent to remain an Arizona resident occurred on October 8, 2004.

Alabama with no physical presence in Arizona and therefore could not have filed in any capacity other than as a resident of Alabama.  Furthermore, there has been no showing that she has a present intent to move elsewhere.  Therefore, at this point, the Court finds Peacock is a resident of the state of Alabama for purposes of examining Defendants' burden of showing convenience of forum.

The Court also finds that Defendants have submitted no evidence in support of their contention that the present forum is inconvenient.  As the Court discussed in its consideration of jurisdictional matters, all Defendants conduct business or have an office within the district.  Though all are Florida residents, making the Northern District of Florida a more convenient forum for them personally, Plaintiff is a Alabama resident and transfer would "merely shift inconvenience ... ."  *Robinson*, 74 F.3d at 260; *See also Folks*, 64 F.Supp.2d at 1154.  The Court also looks to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive.'"  *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)[8] (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).  Though not included in this same case, Peacock's claims against Uter regarding the Floragon stock interest transactions are already before this Court.  Keeping this matter in this forum will best utilize judicial resources and prevent inconsistent rulings.  Based on the broad discretion bestowed up on it, the Court finds that Defendants Motion to Transfer Venue to the Northern District of Florida is **due to be DENIED**.

**CONCLUSION**

Based on the above findings, the Court holds that Defendants' Motion (Doc. 8) to Dismiss for Lack of *In Personam* Jurisdiction, as it applies to Defendants Burney H. Merrill, J. Collier Merrill, Willis

---

[8] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

C. Merrill, and Lawrence Schill, P.A., is **hereby DENIED**.  However, the Court has determined that it does lack personal jurisdiction over Defendant Lawrence Schill, as an individual, therefore this portion of the Motion (Doc. 8) to Dismiss is **hereby GRANTED**.  The remaining Defendants have alternatively argued that this matter should be dismissed for improper venue.  Based on the grounds already put forth, the Court disagrees and the Motion (Doc. 8) is **hereby DENIED**.  The Court also finds that Defendants' request to transfer venue to the Northern District of Florida is **hereby DENIED**.

**So ORDERED**, this 14th day of September, 2005.

                                                      s/ W. B. Hand
                                                  SENIOR DISTRICT JUDGE