# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA PEACOCK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-377-BH-C |
| | ) | |
| BURNEY H. MERRILL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Defendants' Motion (Doc. 36) to Dismiss Plaintiff's claim of intentional interference with a business relationship and Plaintiff's Response (Doc. 39) to that motion. Plaintiff has alleged that Defendants tortiously interfered with her business relationship with the Floragon Companies as an owner of stock by fraudulently and improperly purchasing such stock and divesting her of her interest in those companies. (Pl.'s Resp. Mot. Dismiss, Doc. 39, p. 4). Defendants contend, however, that Plaintiff cannot demonstrate that they are "strangers" to the business relationship and, therefore, under Alabama law, cannot be liable for the alleged tort of intentional interference with a business relationship. (Defs.' Brief Supp. Mot. Dismiss, Doc. 37, p. 1).

### *Standard - Fed.R.Civ.P. 12(b)(6) Motion*

When presented with a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), the Court is bound to examine "the complaint in the light most favorable to the plaintiff and accept as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Furthermore, such a motion may only be granted "where it is demonstrated beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))(internal quotations omitted).

### *Intentional Interference with a Business Relationship*

To prove the tort of intentional interference with a business relationship, Plaintiff must demonstrate:

> "1) the existence of a contract or business relationship; 2) the defendant's knowledge of the contract or business relation; 3) intentional interference with by the defendant with the contract or business relation; 4) the absence of justification for the defendant's interference; and 5) damage to the plaintiff as a result of the interference."

*Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So.2d 1143, 1153 (Ala. 2003)(citing *Parsons v. Aaron*, 849 So.2d 932 (Ala. 2002)).

Beyond these five elements, plaintiffs must also establish that defendants are third parties or "strangers" to the relationship. *Waddell & Reed*, 875 So.2d at 1153. However, simply not being a *party* to the contractual or business relationship does not necessarily make a defendant a *stranger* to that relationship. *Id.*; *Tom's Foods, Inc. v. Carn*, 896 So.2d 443, 454 (Ala. 2004). A third-party may be a party in interest to the relationship "if the defendant has any beneficial or economic interest in, or control over, that relationship." *Waddell & Reed*, 875 So.2d at 1154. It is the burden of the Plaintiff to prove that defendants are, in fact, strangers to the relationship. *Id*.

In the instant case, Plaintiff avers that the Merrills, though "Directors, Managing Members, Officers, Members, and Shareholders and/or Interest Holders" of the Floragon Companies, were not acting in these capacities when "purchasing" her stock. Rather, Peacock contends, Defendants were acting in their individual capacities for their own benefit and on their own behalf during such action. Therefore, she asserts, Defendants were "strangers" to her business relationship with the Floragon Companies for the purposes of their allegedly tortious activity.

Taking the facts in a light most favorable to the Plaintiff, the Court finds that Peacock has satisfied

her burden of demonstrating that defendants were "strangers" to her relationship with the Floragon Companies when they "purchased" her share of the stock. The Alabama Supreme Court has cited a four part test used in Georgia courts for determining whether a defendant is a stranger to a contract or business relationship:

> 1) the defendant is an essential entity to the purported injured relations; 2) the allegedly injured relations are inextricably a part of or dependent upon the defendant's contractual or business relations; 3) the defendant would benefit economically from the alleged injured relations; or 4) both the defendant and the plaintiff are parties to the comprehensive interwoven set of contracts or relations.

*Waddell & Reed*, 875 So.2d at 1156 (citing *Britt/Paulk Ins. Agency, Inc. v. Vandroff Ins. Agency, Inc.*, 952 F. Supp. 1575, 1584 (N.D. Ga. 1996)).

Assuming, as Plaintiff contends, that Defendants engaged in the alleged tortious behavior for their own benefit and outside their capacities as members or officers of the Floragon Companies, the Court finds that Plaintiff can support her burden that Defendants are "strangers" to her relationship with the Floragon Companies and can possibly be held liable for intentional interference with a business relationship.

Applying the test cited in *Waddell*, Defendants, in their individual capacities, certainly were not essential entities to the relationship between Peacock and the Floragon Companies. The Court also does not find that Peacock's relationship with the Floragon Companies is inextricably a part of or dependent upon Defendants' contractual or business relations. The Court recognizes that Defendants, acting for their individual interests rather than for those of Floragon, at most only had a relationship with Floragon as shareholders. A shareholder's relationship with the company in which they maintain an interest, however, is not inextricably intertwined or necessarily dependent on another individual's similar relationship with that company. Also, despite Defendants' contentions to the contrary, though both Peacock and Defendants had a relationship with the Floragon Companies, these relations were not so comprehensively interwoven

as to make Defendants participants in Peacock's relationship with Floragon.  Simply stated, neither Peacock nor Defendants' handling of their own stock affected the other party's interest. Finally, defendants also did not benefit economically from Peacock's relationship with the Floragon Companies.[1]  Though, in the instant case, Defendants ultimately did benefit economically, it was only as a result of the demise of Peacock's relationship with Floragon.  Defendants' economic benefit only arose once they took the additional step of taking advantage of the injured relationship by purchasing the stock.  Based on the above analysis, the Court finds that Plaintiff has demonstrated that none of the circumstances that would qualify a third party as a "non-stranger" to her relationship with the Floragon Companies apply in the instant case.

Therefore, when taking the facts in a light most favorable to Peacock, the Court finds that she has satisfied her burden of demonstrating that Defendants, in their alleged individual/personal capacities, were "strangers" to her relationship with the Floragon Companies.  Defendants' Motion (Doc. 36) to Dismiss is **due to be and hereby DENIED**.

s/W. B Hand
SENIOR DISTRICT JUDGE

---

[1] Based on the courts' wording, the third part of the test proffered in *Waddell* and *Britt/Paulk* could be misinterpreted to state that any party who benefits economically from an injured relationship could be considered a "non-stranger" to that relationship.  However, this simply does not make sense as there would be no motive for interference in a business relationship by a third party if it would not result in economic benefit.  Rather, as explained in the cases cited by the two courts, this prong applies to situations where the alleged interferer was not a party to the relationship, but nevertheless benefitted from its existence prior to the alleged interference.  *See Jefferson-Pilot Communications Co. v. Phoenix City Broad. of Atlanta*, 205 Ga.App. 57 (1992); *See also Lake Tightsqueeze, Inc. v. Chrysler First Fin. Serv. Corp.*, 210 Ga.App. 178, 181 (1993).