# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LINDA PEACOCK, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 05-0377-BH-C |
| BURNEY H. MERRILL, et al., ) | |
| ) | |
|     Defendants. ) | |

## ORDER

This action is before the Court on two motions filed by Floragon Holding Company, Inc., Floragon Forest Products, Inc. f/k/a FFP, Inc., Floragon Forest Products Molalla, Inc. f/k/a FFPM, Inc., Floragon Manufacturing, LLC, and Floragon Timber, LLC (collectively "Floragon"): (1) a motion to dismiss (Doc. 111) for lack of personal jurisdiction and (2) a motion to strike (Doc. 129) the exhibits attached to plaintiff's opposition brief (Doc. 125). Upon consideration of the motion, plaintiff's brief in opposition thereto (Docs. 125), the Floragon defendants' reply (Doc. 128), and all other pertinent portions of the record, the Court concludes and it is therefore **ORDERED** that both motions are due to be and are hereby **DENIED**. There is no need for an evidentiary hearing on this matter inasmuch as the disputes of fact which do exist are not material to the Court's opinion that sufficient specific contacts by the Floragon defendants related to the matter in dispute in this litigation, namely the sale of the stock by Uter to Peacock and the attempt by the Merrills to obtain said stock from Peacock prior to any alleged

conveyance of this same stock from Uter to the Merrills.  The Floragon defendants' contention that the corporations was unaware and uninvolved in the personal conduct in Alabama of directors and shareholders now alleged to hold more than 61% of the defendants' shares[1] is ludicrous.[2]  The evidence also establishes that the Merrills were Directors required to approve the distribution of $2,200,000.00 by the Floragon defendants to its shareholders in 2004 (Doc. 125-16), which did not include any distribution to Peacock despite the unsuccessful efforts of the Merrills to obtain Peacock's shares and thus their knowledge of the prior transfer of those shares by Uter to Peacock.

In view of this disposition of the pending motion to dismiss, it is **FURTHER ORDERED** that the stay imposed on September 21, 2006 (Doc. 126) be and is hereby **LIFTED** and the parties shall, engage in a Rule 26(f) planning meeting and within seven (7) days file a report of the meeting.

**DONE** this 16th day of October, 2006.

                                                                        s/ W. B. Hand  
                                                                     SENIOR DISTRICT JUDGE

---

[1] *See*, Declaration of Frederick A. Schaefer, IV (Doc.128-3) at ¶¶ 2-3 (Compare: "Hoffman announced that the Merrills had purchased Uter's interest in Floragon and now owned 61.75%, a controlling interest" with "The Floragon defendants were not involved in the meeting between the plaintiff and Uter, Burney Merrill, and Schill, and did not learn of it until the beginning of this litigation.").

[2] *See also*, Letter dated March 26, 2002, from Ben Beddingfield, the Floragon CEO, to Uter (Doc. 125-4) acknowledging that Uter "intend[s] to sell some or all of your shares in Floragon Forest Products Molalla, Inc. . . . to your current or former spouse Linda Peacock."