# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LINDA PEACOCK,                  :

    Plaintiff,                   :

vs.                             :          CA 05-0377-BH-C

BURNEY H. MERRILL, et al.,      :

    Defendants.

## **ORDER**

This cause is before the Court on the Floragon defendants' motion to quash and for protective order (Doc. 230), the Merrill defendants' motion to quash and for protective order (Doc. 243),[1] plaintiff's oppositions to the motions to quash (Docs. 240 & 246), and the Merrill defendants' motion for leave to file affidavit in response to plaintiff's memorandum in opposition to the motion to quash (Doc. 247).[2] Having considered the contents of these pleadings, and recognizing the time-sensitive nature of a ruling on same, this order is entered pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(a).

---

[1] The motions to quash are virtually identical; both sets of defendants seek to quash the depositions of Floragon Timber, LLC and Floragon Manufacturing, LLC set for May 24 and 25, 2007. (Doc. 230, at 2; Doc. 243, at 1)

[2] This motion (Doc. 247) is **GRANTED** and Mr. Fleming's affidavit has been considered by the undersigned.

In seeking to quash the corporate depositions of defendant Floragon Timber, LLC and defendant Floragon Manufacturing, LLC and obtain a protective order, the moving parties cite solely to Rule 26 of the Federal Rules of Civil Procedure, the Merrill defendants for the proposition that a court shall limit the scope of discovery if the discovery sought is "'unreasonably cumulative or duplicative'" (Doc. 243, at 7, quoting Fed.R.Civ.P. 26(b)(2)(C)) and both defendants for the proposition that a court may grant a protective order "'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" (Doc. 230, at 12 and Doc. 243, at 7, quoting Fed.R.Civ.P. 26(c))

> Floragon respectfully requests that this Court quash the deposition notices for Floragon Manufacturing, LLC (Document 226) and Floragon Timber, LLC (Doc. 225), and to Order that no more depositions of any Floragon entity be allowed, or in the alternative to limit any future deposition time to less than two hours. In insisting that her own deposition be limited to one day, and for time to be split amongst 10 defendants (the three Merrill Defendants, and the 7 Floragon Defendants) it was Plaintiff's contention that this is a "simple case based on a one page contract". (Doc. 175, p.4, line 8). In this "simple" case, Plaintiff has now deposed Floragon for more than a day, deposed four of the six Floragon shareholders individually, and is scheduled to depose the President of Floragon (who is also a shareholder), Ben Beddingfield, on May 23. Plaintiff is also scheduled to depose Floragon's in house lawyer, Jerry Lawson, on May 22. This is all in a pursuit of claims against Floragon, for tenuous allegations relating to Floragon's alleged failure to recognize Plaintiff as a shareholder, even though Plaintiff readily admits

> (without any bona fide explanation) that she did not send any documentation of her alleged purchase to Floragon between March 20, 2002 (the date of the alleged signed "sale agreement") and May 5, 2005. Since receiving that documentation on May 5, 2005, Floragon has ensured that Peacock's potential interest (depending upon the outcome of this suit) has been protected.
>
> The Floragon Defendants base their request on Rule 26(c), which allows for relief "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rick Schaefer has already sat for deposition questioning for 10 hours (longer than Plaintiff). Schaefer will continue to be the corporate deponent should the Court require him to sit for more testimony. If Plaintiff is allowed to sparse out the deposition of Floragon entities, under the technical rules as contended by Plaintiff, Plaintiff could conceivably depose Rick Schaefer six more times for the remaining Floragon Companies, which at seven hours per deposition would be 42 more hours of testimony (in addition to the 10 he has already given). Floragon contends that this is clearly the type of annoyance, oppression, and undue burden contemplated by Rule 26, and that its request for relief should be granted.
>
> **Wherefore, the premises considered,** Floragon respectfully requests that this Court quash all future depositions of Floragon (including pending deposition notices Docs. 225 and 226), and Order that all Floragon companies be deposed no more. If the Court is inclined to allow any more deposition testimony from Floragon, Floragon requests that its witness, Rick Schaefer, only be deposed for no more than two hours.

(Doc. 230, at 11-13; *see also* Doc. 243, at 6-8)

Rule 26(c) provides that "[u]pon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the

movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for **good cause** shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id*. (emphasis supplied). The Eleventh Circuit, in addition to requiring good cause, requires "the district court to balance the interests of those requesting the order." *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); *see also Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule. . . . Under that standard, the district court's duty was to balance P & G's interest in obtaining the names and addresses of the study participants against the Center's interest in keeping that information confidential."). The moving parties in this case do not once mention Rule 26(c)'s good cause requirement and certainly do not analyze how their recitations of the facts surrounding the discovery depositions taken in this case

establish good cause for the Court's issuance of the requested protective order. In addition, when the undersigned balances plaintiff's interest in comprehensively preparing her case against the numerous corporate defendants, seven of whom are Floragon corporations, against the corporate defendants' protestations that additional depositions of the corporations will be unduly expensive and amount to nothing more than annoyance--since it will name the same person as the 30(b)(6) designee of each defendant Floragon corporation--the plaintiff's interest need prevail particularly in light of the fact that no showing has been made that plaintiff has exceeded the number of depositions set forth in the Rule 16(b) scheduling order.[3]

In light of the foregoing, the Court **DENIES** the motions to quash and for protective order filed by the Floragon defendants (Doc. 230) and the Merrill defendants (Doc. 243). The corporate deposition of Floragon Timber, LLC is limited to one day of seven hours as is the corporate deposition of

---

[3] (*See* Doc. 140, at ¶ 10.b. ("Discovery is limited as follows: . . . Not more than **15** depositions may be taken by each party, limited in duration as expressed by the parties in ¶ 9 of their Report[.]")) In truth, the parties did not express a duration limitation in their Report. (*See* Doc. 138, ¶ 9) Therefore, the duration limitation set forth in Rule 30(d) is controlling in this case such that each deposition taken in this case "is limited to one day of seven hours." Fed.R.Civ.P. 30(d)(2).

Floragon Manufacturing, LLC.

**DONE** and **ORDERED** this the 22nd day of May, 2007.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**