# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LINDA PEACOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 05-0377-BH-C |
| BURNEY H. MERRILL, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on a motion to dismiss for lack of personal jurisdiction (Docs. 318-319) filed by Defendants Ben A. Beddingfield, Frederick A. Schaefer, IV, and Howard A. Page ("the Oregon Three"). Upon consideration of the motion, plaintiff's response in opposition thereto (Doc. 337), the movants' reply (Doc. 347), and all other pertinent portions of the record, the Court concludes that the Oregon Three's motion is due to be granted for the reasons stated by these defendants.

The Court agrees that the plaintiff has failed to establish that each of these defendants had contacts with Alabama through some act by which he purposefully availed himself of the privilege of conducting activities within Alabama, thus invoking the benefits and protections of Alabama law. *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993)("the contacts must involve 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum ..., thus invoking the benefits and protections of its laws'."); *C.M.B. Foods, Inc. v.*

*Corral of Middle Georgia*, 396 F.Supp.2d 1283,1288-89 (M.D. Ala. 2005) (for plaintiff to meet her jurisdictional burden, the alleged contacts cannot be "described in vague terms" and should contain "specific information regarding the dates, frequency, number, or substance of these contacts."). The Court further agrees that the plaintiff has failed to show that each defendant's contacts with Alabama are such that each one of them should reasonably anticipate being haled into court there. *Vermeulen*, 985 F.2d at 1546.  In addition, the Court agrees that, at best, plaintiff has proffered evidence that one or more business decisions made by these defendants in Oregon ultimately caused plaintiff harm when she was living in Alabama. Such is clearly insufficient under the applicable law. *See e.g.*, *Rhodes v. Unisys Corp.*, 170 Fed. Appx. 681, 684 (11th Cir. 2006)(rejected plaintiff's contention, based on *Calder v. Jones*, 465 U.S. 783, 785, 104 S.Ct. 1482, 1486 (1984), "that the allegedly tortious decision made in a nonforum state that has an effect in Alabama makes the exercise of jurisdiction in Alabama proper.");  *Ashton v. Florala Memorial Hospital*, 2006 WL 2864413, *10 (M.D. Ala. 2006)("the medical decisions made in the context of Dr. Poppell's examination of Ashton, which undisputedly occurred in Florida, although ultimately having an effect in Alabama by virtue of Ashton's residence there, cannot be said to be 'expressly aimed' at Alabama."); *IMO Industries, Inc. v. Kiekert*, 155 F.3d 254, 256 and 263 (3rd Cir. 1998)("The defendant must 'manifest behavior intentionally targeted at and focused on' the forum for *Calder* to be satisfied [and] [i]n the typical case, this will require some type of 'entry' into the forum state by the defendant. . . . "the mere allegation that the plaintiff feels the effect of the defendant's

tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy *Calder*.").

It is therefore **ORDERED** that the motion to dismiss for lack of personal jurisdiction filed by Ben A. Beddingfield, Frederick A. Schaefer, IV, and Howard A. Page be and is hereby **GRANTED**.

**DONE** this 19th day of July, 2007.

s/ W. B. Hand<br>
SENIOR DISTRICT JUDGE