**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LINDA C. PEACOCK, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 05-00377-KD-C |
| BURNEY H. MERRILL, et al., | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on a motion for disbursement of funds filed by the

Defendants, Burney H. Merrill, J. Collier Merrill and Willis C. Merrill. (Doc. 708.) The

Merrills request that the Court enter an order releasing the proceeds of funds deposited into the

registry of the Court by a third party. The ownership of these funds was the subject of the

declaratory judgment claim decided in the Merrills' favor at trial. Initially, the Plaintiff, Linda

Peacock, argued that the motion for disbursement was premature because a motion to alter or

amend the judgment was pending. When that motion was denied, the Court entered an order

requiring Peacock to show cause why the motion for disbursement of funds should not be

granted. In response (Doc. 719), Peacock states that her time for appeal has not run, that an

appeal "could potentially result in a reversal," and that disbursing the funds would likely render

them unavailable to her should she prevail on appeal. Peacock concludes her response with a

motion to stay the judgment and the disbursement of funds pending appeal.

Unless the judgment is stayed, there is no reason the funds should not be disbursed to the

Merrills in accordance with the declaratory judgment. Rule 62 of the Federal Rules of Civil

Procedure governs the stay of proceedings to enforce a judgment.[1]  If an appeal is taken from a monetary judgment, "the appellant may obtain a stay by supersedeas bond."  Fed. R. Civ. P. 62(d).  If an appeal is taken from a judgment granting injunctive relief, whether to grant a stay is within the Court's discretion. Fed. R. Civ. P. 62(c).  Because a declaratory judgment does not fit neatly into either category, the Court must look beyond the judgment to its practical effect.  A declaratory judgment which requires one party to pay a specific sum of money to another party is, in essence, a monetary judgment which may be stayed upon the posting of a supersedeas bond. *Hebert v. Exxon Corp.*, 953 F.2d 936 (5th Cir. 1992) (per curiam).  But a declaratory judgment that merely adjudicates rights—even rights involving funds deposited with the Court— falls within the Court's discretionary power to stay pending appeal.  *In re Texas Equip. Co.*, 283 B.R. 222, 226 (Bankr. N.D. Tex. 2002).    The instant case involves no payment of money by either Plaintiff or Defendants, only the right to funds deposited by a third party.  Consequently, whether to grant a stay pending appeal is within the Court's discretion.

According to the Eleventh Circuit, a stay pending appeal is "an exceptional response granted only upon a showing of four factors: 1) that the movant is likely to prevail on the merits on appeal: 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay."  *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).  Moreover, the party seeking a stay bears "a heavy burden of making out a case for such extraordinary relief."  *Winston-Salem/Forsyth County Bd. of Ed. v. Scott*, 404 U.S. 1221, 1230 (1971) (Burger, C.J., in chambers).  Peacock does not acknowledge her burden and, consequently, fails to make a showing on each of the factors.  For that reason alone, her request

---

[1] Initially, an automatic stay is in effect for fourteen days after the entry of judgment.  Fed. R. Civ. P. 62(a).  That time period has passed.

for a stay is due to be denied. Nevertheless, out of an abundance of caution, the Court independently addresses each factor below.

First, Peacock does not point to any issue or issues that would provide a likelihood of success on appeal. In fact, she is equivocal about whether she intends to file an appeal. The Court, being quite familiar with the issues raised on summary judgment, at trial and in Plaintiff's post-trial motion, does not find a likelihood that Peacock will prevail on appeal, if one is filed. Second, Peacock cannot show irreparable damages. At most, there is a *possibility* that disbursement of funds at this stage could result in monetary injury.[2] It is well-settled that an injury which can be remedied through monetary damages is not irreparable. *E.g., Cates v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983) (discussing irreparable injury in context of preliminary injunction). Third, the necessity of proving "no substantial harm" to the Defendants falls on the Plaintiff, who has failed to address this element. In fact, there is evidence of substantial harm to the Defendants. As the Merrills point, they are liable for taxes on a substantial amount of money to which they currently have no access. Finally, the public interest factor has no bearing in this matter, which is a private dispute over the ownership of a privately-held company.

For the reasons set forth above, Defendants' motion for disbursement of funds is **GRANTED**, and Plaintiff's request of a stay pending appeal is **DENIED**. The Clerk of Court is hereby directed to pay over to the Defendants a sum equal to the amount of the two deposits ($6,074,388.53 plus $748, 285.97), plus accrued interest, minus the Clerk's fee of 10% on

---

[2] Peacock argues that "there is a substantial likelihood that said funds will be spent, used, or otherwise transferred from the possession of the defendants, and will not longer remain available to the plaintiff, should she prevail on appeal." (Pl's Rsp., Doc. 719, ¶ 7.) The question is not whether "said funds" will be available but whether money could make the Plaintiff whole if she prevails.

interest earned.  Payment shall be made to counsel on behalf of the Merrill Defendants, payable

to "The MacDonald Fleming Moorhead Trust Account."

       **DONE** and **ORDERED** this the 2nd  day of June, 2010.


                       /s/ Kristi K. DuBose
                       **KRISTI K. DuBOSE**
                       **UNITED STATES DISTRICT JUDGE**